Patrick O'Keeke, Defendant Appellant May it please the Court, Patrick O'Keeke for Defendant Appellant. Your Honor, from the time the police commenced this action, they required a license under the New York City Administrative Code as a debt collector. They never had one. Mr. O'Keeke? Yes, Your Honor. So what is the legal outfall of the fact that, if we agree with you that they were required to have a license, that they did not have the license? Correct. No, what's the effect of that? The effect is that they were not in a position or should not have been in a position to commence the action, and the judgment should be reversed in its entirety. And we find that? The city code does not conflict with the FDCPA. So if they didn't have a license to bring the action, they should not have been allowed to proceed with the action. That's a provision of federal law that says that? No, the state law, the city law, the New York City Administrative Code. Is it in 2489? Yes. So 2489 states the appellee requires a license to buy a delinquent debt or collect on the debt, and they didn't have a license. And Judge Gleeson didn't address that in his motion. 2490 states it's unlawful to collect a debt without a license. Now, these are additional protections that have been created by the city for its citizens. It's not in conflict with the federal law, and as such, it should have been applied. Okay. Please continue. There are several other reasons why the same judgment should have been denied. Discovery was incomplete. The entire action or entire motion was predicated on the self-serving affidavit from the appellee. The appellant was not allowed to conduct depositions. He was not allowed to, like, review. Well, I mean, was there a legitimate conflict or dispute as to whether this mortgage was in default? Yes. There's a conflict as to what date the default occurred, and there's also a conflict as to whether 1077 actually owned the mortgage at the time they commenced the action. So your client had stopped paying on the mortgage, right, defaulted on it? Correct, but not on the date 1077 claimed they stopped paying on the mortgage. That's not a defense to foreclosure. That may be an issue you would raise in the referees proceeding, right? Correct. It also goes to how much is outstanding and when the interest rate . . . if an interest rate applies, when it starts from, which is one of the issues that was raised by the appellant. I'm just . . . where does it say that someone who is a debt collection agency who should have a license or which should have a license isn't allowed to collect on a debt? New York City Administrative Code 2490 says it's unlawful to collect on a debt without the required license. Okay. And the appellees testified in their response to written discoveries that they did not have a license. Right. So the question is whether they fit under the New York City Code as a debt collection agency. Correct, Your Honor, and they do. Well, that's your point. Obviously, they don't agree with you, and that's why we're here, right? Yes. Okay. Has any New York court recognized a violation of the FDCPA or this administrative code proceeding or a provision as an affirmative defense in foreclosure actions? Not that I'm aware of. I've not seen that case, Your Honor. But if you read the New York City Administrative Code and the FDCPA, they're not in conflict. The New York City Administrative Code just goes a step further. If I'm a holder of a mortgage and for whatever reason decide I'm not in a position to foreclose on it, you know, I'm 95 years old or I'm leaving the state or whatever, can I assign it to sign or sell the mortgage to you? Yes, Your Honor. And then do you need a license to foreclose on it? It depends. If I'm in the regular business of collecting debts or if I purchase a delinquent debt, then yes, I need a license. Well, this is delinquent. Yeah. The hypothetical involves a delinquent debt. Yes. So if I purchase a delinquent debt knowing that I was going to collect a debt, then I would require a license. Also, if I'm in the business of collecting debts or . . . All right. Put aside the business for a minute. You're my cousin. I said, you know, I can't handle this business. You give me $10,000. Here's the mortgage. Foreclose on it, and you can keep the difference. Do you have to get a license? Yes. If I purchased a delinquent debt under the law as it currently reads, then I do require a license. Even if it's one debt? Even if I'm not in the business of doing it? Even if it's not in the regular . . . if it's not one of my regular practices? If I knew that I was buying a delinquent debt and I was actually going to enforce or collect on it, then I would require a license. But in my hypothetical, you need a license. Yes. You need to get a license. So even . . . I'm sorry. Go ahead. No, you go. Please. Even if we concluded that Madison Street here established standing as the holder of the note, your view is that we still have to consider these issues of assignment and consider your attack on the chain of title? Correct. Yes, Your Honor. So even if you . . . I mean, if you deem that 1077 had a valid note, there's still issues on whether they had a valid mortgage at the time. And there's still issues on when the note was actually acquired. If the note . . . if they actually do have a note. We never saw the note. And the note was never submitted. Even if 1077 were presenting the case . . . Would you just require in the ordinary course for purposes of standing that you show that you are the holder of a note? Yes, but not for summary judgment. If you're going for an inquest, you still need to provide the original copy of the note. You can't just put in a paper copy and obtain a judgment on a foreclosure. There's literally nothing in this entire action that supports or should give them a judgment. The originals were never tended. They were never shown to anyone. We have an affidavit which is inconsistent from an employee of 1077. We're not allowed to do any discovery, depose any of the officers. And whether you're covered by this provision we're talking about is a question of New York law, right? Yes, Your Honor. And it's one which the New York Court of Appeals has not resolved? No. Or any of the appellate divisions? No. It's not been an issue. Do you want to take a trip to Albany? If I have to. I see my red light is on. If the Court has no further questions . . . You've reserved some time, Mr. Keegan. You've reserved three minutes for rebuttal, so we'll hear from Mr. Katz. Thank you. Thank you. Thank you. May it please the Court, good morning, Your Honor. My name is Samuel Katz. I'm the attorney for 1077 Madison Street, LLC, the appellee in this action. Good morning, Mr. Katz. Good morning. I'll start with the first quote, with the issue that Your Honor is a question of adversary about the New York City Administrative Code and the FDCPA regarding the license. It's my position, Your Honor, that the New York City Code applies only to a debt collection agency, which is collecting a debt on behalf of someone else, and not to the creditor, just like the FDCPA does not apply only to companies or agencies that are collecting the debt of another. But that's not . . . the statute, you know, it starts off talking about principal purpose and so forth, but then it also goes on to say, quote, specifically, and quote, and shall also include a buyer of delinquent debt who seeks to collect such debt either through . . . either directly or through the services of another. So why isn't that your claim? Because the language then limits it when it says that it's owed or due or asserted to be owed to another, and that mirrors the FDCPA in which only the debts on behalf of another. The original creditor is allowed to collect the debt without a license and is allowed to engage . . . But you're not the original creditor, because you took an assignment. Correct, but we are, as the S&E, we are now the holder of the debt. Yes. It's not a . . . Remind me, sir, and then I'll, of course, continue to answer Judge Parker's question, but when the assignment took place, was the debt in default? Yes. So why doesn't that fit you into . . . I mean, you knew that you . . . Because when we take assignment to the debt, we become now the creditor of this debt. I understand how all of that works through prior lives, et cetera, but why it seems to me the way the world operates, one doesn't acquire bad debt unless one intends to turn it around and make some money on it or at least recoup whatever you paid for the assignment. Correct, to collect on the debt through litigation . . . Well, I'll just say, and my adversary agrees, that none of the courts in New York have ever upheld . . . have ever addressed that . . . What that means. Yes, and that the Nixie Administrative Code actually applies as a defense to a foreclosure action. There are hundreds of thousands of foreclosure actions in New York that are brought by, you know, investors who buy notes in default just for the purpose of collecting on them, and none of those cases ever has this issue ever arisen, and therefore it's never been addressed. Well, that's neither here nor there. The statute I read you says shall also include a buyer, that's you, your client, excuse me, of delinquent debt, that's your client, who seeks to collect such debt directly. That's what you're doing, isn't it? Directly, right, owed. After that, it limits, it kind of limits that language when it says afterwards that it has to be owed or do or assert it to be owed to another. In other words, there can be a direct collection, but it has to . . . Where is the language you're pointing to? I believe it's in Section 20-490. The person engaged in business, the principle person, the purpose of which is . . . to regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another, and shall also include a buyer of delinquent debt who seeks to collect such debts either directly or through the services of another, by including but not limited to initially. In a sense, when it continues with this language that it can . . . What language? When the language says and shall also include a buyer of delinquent debt, it's still referring to a debt that's owed or due or asserted to be owed or due to another. Well, of course, but this debt was owed to another, and your client acquired it. Right. So . . . It seems to me you've covered . . . I could be missing something, so please help me. It seems to me you're covered directly by this language. The way I read it is that the language that begins . . . Just specifically, what gets you out from under this language? The fact that we are collecting our own debt. We now own this debt. It's not like a debt collection agency, which only gets assigned the right to collect the debt but doesn't actually own the debt. As an assignee of the note, we are now the creditor. Was there . . . You're a buyer of delinquent debt. This seems to me this statute covers people who are precisely in your position. That language, I guess, would cover anyone who buys delinquent debt. Well, the language is a business that has as its principal purpose or that regularly collects debt. Is that your business? I think . . . My client's entity was formed for the sole purpose of purchasing this debt. Just . . . My client . . . Sorry, just . . . Yes. Just for the purpose of purchasing this debt, but my client is in the business of owning real estate. They're not in the business of buying debt, foreclosing, and getting out. Well, some people might say that owning real estate, in part, a principle. It doesn't say the principal purpose. I'll just add that all of this was not submitted as evidence in the district court. Well, that's a separate issue. So this is on summary judgment, correct? This is on summary judgment, correct. And your real argument, I take it then, is that this issue of what the principal purpose of 1077 Madison Street was, was not presented. The argument was presented in opposition to summary judgment, but there was no evidence that was submitted to establish that my client, A, is in the principal business of collecting debt. And therefore, they failed to raise an issue of fact in response to the summary judgment motion. So has 1077 Madison Street bought debt in addition to this debt? I have no idea. They may have, but I have no idea. I do know, and this is not part of the record, but I do know that as a matter of business, usually when the investors buy debt, they open an LLC for each debt. To hold it and then to proceed against it, right? That's correct. It could be that in the situation here. I know that my adversary, when he sought a stay pending appeal, which is not part of this record, he did submit some kind of evidence which showed that there were multiple plaintiffs in state court collecting on a note. By the name of 1077 Madison. That does not inure to your benefit because not only is it not the principal purpose to, well, not only is it the principal purpose to collect debt, it's the only purpose to collect debt in this case. The only thing you're relying on is the fact that before the district court, this evidence, these concessions it sounds like, was not before the district court, and so there was no genuine disputed material fact. That's correct, Your Honor. Before you sit down, let me ask you this. Is our opinion in Klein versus Cohen and Shamlovitz something that impacts this case, this appeal? I've read through those cases when I prepared my brief, and I think, I believe from my recollection that those cases left an open question as to whether or not the Duke City administrative code would apply to this kind of a situation. I do know that in one of the cases there was a certified question that was sent to the court of appeals in New York. That's the case I just asked. Right, but I'm not sure what the outcome of that case was. I don't think that I was able to, I'm not sure if there was an outcome at the time that I briefed it or, you know, et cetera. I'll just add with respect to the default date that, you know, the same thing. When it comes in opposition to summary judgment, they never raised an issue of fact as to when the default date occurred. And as a matter of fact, in their answer, they admitted the default date that was alleged in the complaint. The only time they raised it was on a motion for reconsideration without offering any reason or any explanation why it was not submitted in the first instance in opposition to summary judgment. And even then, there was no affidavit by the defendant with personal knowledge that, in fact, the default date was not the date that was alleged in the complaint but was a different date. And if the panel has no further questions, I'll rest on my brief. Thank you. Thank you, Mr. Katz. Mr. Okeiki. Briefly, Your Honor. On the issue of whether appellees are regularly engaged in the business of buying debts, they are. And the record shows that they've purchased debts in the past from other companies. Who are you talking about? Are you talking about 1077? Yes, Your Honor. They purchased during the interrogations. They were asked, have you ever purchased debts before? And they said, yes, we've purchased from Gemcap, Waterfall Entity, Hayden Assets, LRC. There are also numerous cases in state court. That's purchasing the debt, but the question is about collecting the debt. Now, they also have numerous cases which- No, no, no, no, no. So I take it now the argument is that on summary judgment, you did not have any evidence. There was no evidence. This was raised in summary judgment, Your Honor. What are you referring to? What are you referring to? So the index numbers from the Supreme Court cases where they're actually trying to collect the debts. Was that part of the summary judgment record below? No, Your Honor. And that is his argument, is that on this arguably central question, there was no evidence that the principal purpose, let alone the only purpose, of 1077 was to collect debt. Maybe the evidence was that it got these different mortgages as an assignee. That I will grant you. Where is the evidence that its principal purpose was to collect debt? So that wasn't on summary judgment, but the New York City Administrative Code was raised on the summary judgment. No, no, the argument was raised, but where was the evidence? There was no evidence to support it because we didn't have no discovery. We were denied discovery, which is one of the issues that we raised, that we needed the rights like. . . But you found all this information without discovery? Post judgment. But it's public record, right? It was available throughout the whole proceedings. Yes. Your Honor, the thing is that if you take away the entire argument and rely on Apelli's argument, which is that the default date occurred on February 1, 2008, then the Court would have had no jurisdiction to hear the case. Why? The action was not commenced until July 14, 2016, which is more than 6 years past. . . The default. Well, we would have jurisdiction, but there would be an affirmative default. Correct. Those statute of limitations. So Apelli can't have it both ways. If he says, well, nothing counts, then the Court had no statute of limitations because it had run and the case should not have been heard in the first place. Or if he allows the arguments to go forward, then they require the license to prosecute the foreclosure action. And New York State law precludes you from prosecuting a foreclosure action without a license. It said it's a crime, right? Yes. But we're not sure what the relief is as a result of it being a crime. I mean, you could go to jail and you could still collect your debt. Well, actually . . . There's one way to think about it, anyway. It actually says, and I'm citing Francis B. Riemann, a contract made in violation of a licensing statute that is designed to protect the public will usually be considered void and enforceable. And the party violating the statute . . . What are you reading from there? This is Francis B. Riemann. It's in our brief on page 21. Right, right. So without a license, they cannot collect on this debt. So would your position be then that, or your client, you and your client's position, be that as soon as they bought the debt it was void because they didn't have a license? It can't be that. If that's what the law says, then yes. Well, that's what we say, too, if that's what the law says. But what we're trying to do is figure out what the law is. I mean, that just seems to me totally illogical that, particularly in the state of New York, frankly, which is sort of the epicenter, one of the epicenters in the world of commercial law, that they're suddenly voiding, tossing out legitimate mortgages and notes because somebody takes the misstep of acquiring it and doesn't have a license to do so. I think the banking law is very strict. Every single bank that gives out a loan has a license. Yeah, but this isn't a bank. But you can't act as a bank and operate as a bank and not have the license to do so. This is a real estate company. I mean, if we were up in my state, what you would be acquiring in the mortgage, as mortgagee, is title to the property subject to defeasance. Here in New York's a lien state, obviously. But you have an ability to get the first bite in on acquiring a piece of property by acquiring a mortgage. If you acquire a mortgage and you're enforcing a mortgage, you're acting like a bank or like a mortgage. No, you're acting like a smart real estate investor is one way of looking at it. I think New York State requires you. Increasingly, I'm seeing this as a matter of really fundamentally of summary judgment, right? And your response, when I asked you about any evidence, whether there was any evidence relating to the purpose of 1077, was that you did not have an opportunity to get discovery on that issue. Now, did you put in an affidavit or declaration and submit that to the district court to explain that summary judgment was not justified because there was an inadequate opportunity? A declaration was not put in. A motion was made, and that motion was denied. Doesn't the rule require? What did the motion say? The motion basically said that we needed more discovery, that in the rule 26, the police had offered to produce certain persons for their positions. They had subsequently given us correspondence saying that they will produce them, and then said, hey, we're not producing them anymore. We don't feel like it's necessary. The district court agreed that deposition of these persons was not necessary and wouldn't provide any additional information. Judge Gleeson in the Eastern District? Yes. And you agree that rule 56D requires an affidavit or declaration? Yes. Under those circumstances? Yes. But your position is that that was sufficient? Yes, Your Honor. The punishment is unjust and is not equivocal to the decision. Okay. Interesting case. Thank you both. Thank you, Your Honors. Thank you.